11-3374-ag
Zheng v. Holder

BIA
A096 425 876
A096 425 877

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of December, two thousand twelve.

PRESENT:
>       GUIDO CALABRESI,
>       REENA RAGGI,
>       DENNY CHIN,
>            *Circuit Judges.*

_____

MING ZHENG, JAI YONG ZHENG, AKA JA YUN ZHANG, AKA JA YUN ZHENG, AKA JIA YUN ZHENG, AKA JIA YONG ZHENG,
>       *Petitioners,*

>            v.                                    11-3374-ag
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Vlad Kuzmin, Kuzmin & Associates P.C., New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Carol Federighi, John W.

**Blakeley, Senior Litigation Counsel; Sul Kee Kim, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ming Zheng ("Zheng") and Jai Yong Zheng, natives and citizens of the People's Republic of China, seek review of a July 20, 2011, decision of the BIA denying Zheng's motion to reopen. *In re Ming Zheng, Jai Yong Zheng*, Nos. A096 425 876/877 (B.I.A. July 20, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). Aliens seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C.

§ 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Zheng's September 2010 motion to reopen was untimely, because the BIA issued its final order of removal in 2006. However, the time and number limitations for filing a motion to reopen do not apply if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding[s]." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

In this case, the agency did not abuse its discretion in denying Zheng's motion to reopen as untimely. Substantial evidence supports the agency's conclusion that the background materials do not demonstrate a change in country conditions material to Zheng's claim that she is eligible for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (applying the substantial evidence standard to the agency's determination of whether there was a change in country conditions). Zheng's decision to begin practicing Christianity in the United States constitutes a self-induced change in personal circumstances that did not

3

merit an exception to the time and number bars applicable to motions to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).

Further, the BIA reasonably gave limited evidentiary weight to the letters and documents from China that Zheng submitted in support of her application. The BIA's decision to give limited weight to this evidence is entitled to particular deference, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006), and, here, nothing in the record compels the conclusion that the BIA erred, as it relied on the IJ's underlying adverse credibility determination to decline to credit Zheng's corroborating evidence, *see Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding) (citing *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007)). As we previously upheld the agency's adverse credibility determination, that determination constitutes the law of the case and we decline to revisit it. *See Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009).

4

Finally, although Zheng provided articles describing the harassment, arrest and interrogation of members of underground churches in China, those articles did not describe a change in country conditions since Zheng's 2005 hearing.  *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (holding that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").  Rather, the 1998 U.S. State Department profile of asylum claims and country conditions in China submitted for Zheng's 2005 merits hearing reflects that, between 1994 and 1997, the government of China was engaging in a policy of repressing unregistered church activity, including surveillance, detentions, arrests and destruction of property.  The 2002 U.S. State Department report on country conditions in China – also submitted for Zheng's 2005 merits hearing – describes similar conduct by the Chinese government. Although the 2008 U.S. State Department report submitted with Zheng's motion to reopen reflects that religious repression continues in China, nothing in these materials reflects that the treatment of Christians in China has worsened.  Accordingly, as Zheng failed to demonstrate a change in conditions, the

5

BIA did not abuse its discretion in denying her motion to reopen as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk